IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| CHRISTOPHER FIELDS,<br><br>    Plaintiff,<br><br>v.<br><br>HARTFORD LIFE & ACCIDENT INS. CO.,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Christopher Fields, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to provide continuing life insurance coverage and pay long term disability (LTD) benefits due under an ERISA employee welfare benefit plan, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this Court for judicial review.

3. Venue is proper within the District of Connecticut pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Christopher Fields, (hereinafter "Plaintiff" or "Mr. Fields"), is currently and was at all relevant times, a resident of Montgomery County, Alabama.

5. Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is an insurance company authorized to transact the business of insurance in this state and may be served with process through its registered agent for service of process CT Corporation System at 67 Burnside Ave, East Hartford, CT 06108.

6. Defendant Hartford is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. GLT-675982 issued by Hartford to Hyundai Motor Manufacturing Alabama, LLC.

7. Defendant Hartford is also the party obligated to pay benefits and determine eligibility for benefits under Group Life Insurance Policy No. GL-675982, issued by Hartford to Hyundai Motor Manufacturing Alabama, LLC.

## FACTS

8. Plaintiff was employed by Hyundai Motor Manufacturing Alabama, LLC as a Automobile Assembly Team Member.

9. Hyundai Motor Manufacturing Alabama, LLC maintained an LTD benefits plan (the "LTD Plan") for the benefit of its employees.

10. Hyundai Motor Manufacturing Alabama, LLC also maintained a group life insurance plan (the "Life Plan") for the benefit of its employees.

11. LTD and life insurance benefits under the LTD Plan and Life Plan are funded by Hartford Policy Numbers GLT-675982 and GL-675982.

12. The Life Plan also provides that a participant's coverage will be continued, and life insurance premiums will be waived if the participant becomes disabled while covered under the life insurance policy. Such benefits are termed Life Waiver of Premium ("LWOP") benefits under the Life Plan.

13. Mr. Fields is a participant or beneficiary of the LTD Plan and Life Plan and is covered by the policies providing LTD and life insurance benefits.

14. Mr. Fields became disabled and unable to work in July 2022, while covered under the LTD Plan and Life Plan, because of impairments caused by and related to multiple serious medical conditions.

15. Mr. Fields' disabling impairments are caused by and related to multiple myeloma, chronic sequalae of extensive radiation and chemotherapy treatment, and chronic pain related to a subchondral hip fracture with partial collapse of the right femur head.

16. Mr. Fields has been and continues to be disabled as defined by the provisions of the LTD Plan and the Life Plan.

17. Mr. Fields timely filed applications for LTD and LWOP benefits under the LTD Plan and Life Plan.

18. By letter dated January 9, 2023, Hartford denied Mr. Fields' claim for LTD benefits and asserted Mr. Fields did not provide sufficient information to substantiate his claim.

19. Mr. Fields timely appealed the LTD denial and provided Defendant with substantial evidence showing his medical conditions were severe and prevented him from performing the duties of any occupation, including his own.

20. Plaintiff's appeal evidence included updated treatment notes, opinion statements from his treating providers, and evidence showing the Social Security Administration found him disabled as of June 2022.

21. During its LTD appeal review, Defendant retained two file-reviewing, medical consultants, who both opined that Mr. Fields had no medically supported restrictions and limitations that would preclude him from working.  Defendant provided copies of the consultants' reports to Plaintiff and allowed him an opportunity to respond.

22. In response, Plaintiff provided additional medical and vocational information substantiating his ongoing disability from any occupation, which included the objectively valid results of a Functional Capacity Evaluation ("FCE") corroborating the impairments noted by his treating physicians and confirming Mr. Fields' conditions prevent him from functioning at even a sedentary level of physical exertion.

23. Plaintiff also notified Hartford that the consultants' opinions were internally inconsistent, conclusory, and should not be favored over-and-above the consistent, objective evidence Plaintiff and his treating doctors submitted to Defendant.

24. Following Plaintiff's response, Defendant obtained addendum reports from the same medical consultants and an employability assessment from an in-house vocational consultant, which Hartford claimed supported denial.  Defendant provided copies of this information to Plaintiff and allowed him an opportunity to respond.

25. In response, Plaintiff submitted additional medical and vocational information substantiating the persistence of his disabling conditions and inability to work.  Plaintiff asked Defendant not to rely on the flawed opinions of its file-reviewing consultants and instead to reapprove his claim for LTD benefits.

26. By letter dated August 14, 2024, Hartford partially overturned the LTD denial and awarded Mr. Fields benefits for the period between January 2023 and March 4, 2024. However, Defendant upheld the denial of benefits beyond March 4, 2024, despite all the medical and vocational evidence supporting Mr. Fields' ongoing disability.

27. The LTD denial letter confirmed Plaintiff had exhausted his administrative remedies with respect to his LTD claim and had a right to bring a lawsuit under ERISA § 502(a).

28. By letter dated February 12, 2024, Hartford denied Mr. Fields' claim for LWOP benefits and claimed Mr. Fields did not provide sufficient information to substantiate his claim.

29. However, Hartford never notified Mr. Fields that his LWOP claim had been denied and did not provide him with a copy of the written denial letter until August 22, 2024.

30. Mr. Fields timely appealed the LWOP denial and provided Defendant with substantial evidence showing his medical conditions were severe and prevented him from performing the duties of any occupation, which included the same evidence Plaintiff and his providers submitted as part of the LTD claim..

31. During the LWOP appeal review, Defendant relied on the same medical consultant reports obtained during its LTD review and a transferable skills analysis report from an in-house consultant. Defendant provided copies of the consultants' reports to Plaintiff and allowed him an opportunity to respond.

32. In response, Plaintiff submitted additional medical and vocational information substantiating the persistence of his disabling conditions and showing Hartford's vocational assessment was flawed and misapplied acceptable industry standards for a transferable skills analysis.

33. Despite all the evidence supporting his claim and showing Hartford's consultant opinions were flawed and unreliable, Hartford continued to rely on the consultant opinions and upheld the denial of Plaintiff's LWOP claim by letter dated January 29, 2025.

34. The denial letter confirmed Plaintiff had exhausted his administrative remedies with respect to the LWOP claim and had a right to bring a lawsuit under ERISA § 502(a)

35. Accordingly, Plaintiff has exhausted his required administrative remedies with respect to both the LTD and LWOP claims.

36. Hartford would pay any benefits due out of its own funds.

37. Hartford owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

38. Hartford was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

39. Hartford allowed its concern over its own funds to influence its decision-making.

40. Hartford breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

Plaintiff incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

41. Under the terms of the LTD Plan, Defendant agreed to provide Plaintiff with LTD benefits if Plaintiff became disabled as defined by the LTD Plan.

42. Plaintiff is disabled and entitled to benefits under the terms of the LTD Plan.

43. Defendant failed to provide LTD benefits due under the terms of the LTD Plan, and the denials of benefits to Plaintiff constitute breaches of the LTD Plan.

44. The decisions to terminate LTD benefits were wrong under the terms of the LTD

Plan.

45. The decisions to terminate LTD benefits and decision-making processes were arbitrary and capricious.

46. The decisions to deny LTD benefits were influenced by the Defendant's financial conflict of interest.

47. The decisions to deny LTD benefits were not supported by substantial evidence in the record.

48. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide LTD benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the LTD Plan.

49. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide LTD benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the LTD Plan, plus interest and other damages, for a total amount to be determined.

**SECOND CAUSE OF ACTION
FOR LIFE INSURANCE PLAN BENEFITS
PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

Plaintiff incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

50. Under the terms of the Life Plan, Defendant agreed to provide Plaintiff with LWOP benefits and continued life insurance coverage in the event Plaintiff became disabled as defined by the Life Plan.

51. Plaintiff is disabled and entitled to benefits under the terms of the Life Plan.

52. Defendant failed to provide LWOP benefits due under the terms of the Life Plan, and these denials of benefits to Plaintiff constitute breaches of the Life Plan.

53. The decisions to terminate LWOP benefits were wrong under the terms of the Life Plan.

54. The decisions to terminate LWOP benefits, and decision-making processes were arbitrary and capricious.

55. The decisions to deny LWOP were influenced by the Defendant's financial conflict of interest.

56. The decisions to deny LWOP benefits were not supported by substantial evidence in the record.

57. As a direct and proximate result of the aforementioned conduct of Defendant in failing to provide LWOP benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits and life insurance coverage to which he would have been entitled to under the Life Plan.

58. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide LWOP benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action**:

59. A finding in favor of Plaintiff against Defendant;

60. Damages in the amount equal to the disability income benefits to which he was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

61. Prejudgment and post-judgment interest;

62. An Order requiring the LTD Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the LTD Plan.

63. An Order requiring the LTD Plan or appropriate Plan fiduciary to provide Plaintiff with any other employment benefits to which he would be entitled pursuant to a finding that he is disabled under the LTD Plan or under any other employee welfare benefit plan;

64. Plaintiff's reasonable attorney fees and costs; and

65. Such other relief as this court deems just and proper

**On Plaintiff's Second Cause of Action:**

1. A finding in favor of Plaintiff against Defendant;

2. An Order requiring the Life Plan or appropriate Plan fiduciary to reinstate his life insurance benefits, pay continuing benefits, and provide continued coverage in the future so long as Plaintiff remains disabled under the terms of the Life Plan.

3. Plaintiff's reasonable attorney fees and costs; and

4. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide Plaintiff with a bound copy of the ERISA record consecutively paginated.

Dated this 23rd day of January 2026.

                Respectfully submitted,

                ERIC BUCHANAN & ASSOCIATES, PLLC
                ATTORNEYS FOR PLAINTIFF

        BY:    <u>*/s/Hudson T. Ellis*</u>
                Hudson T. Ellis (Bar No. CT16708)
                414 McCallie Avenue
                Chattanooga, TN 37402
                (423) 634-2506
                FAX: (423) 634-2505
                ellish@buchanandisability.com